**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SANTOS CUETO-PARRA,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

CASE NOS. 12-CR-1854-H
13-CV-795-H

**ORDER DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2255**

[Doc. No. 32]

On March 18, 2013, this Court sentenced Santos Cueto-Parra ("Petitioner") to fifty (50) months of custody for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. (Doc. No. 31 at 1-2)[1] On April 2, 2013, Petitioner filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. (Doc. No. 32.) On October 3, 2013, Respondent filed a response in opposition to Petitioner's motion. (Doc. No. 38.) The Court denies Petitioner's application for writ of habeas corpus.

**Background**

On December 13, 2012, Petitioner pled guilty to an indictment charging him with one count of illegal entry after deportation, in violation of 8 U.S.C. § 1326. (Doc. No. 23 at 1.) Petitioner pled guilty pursuant to a written plea agreement. (Doc. No. 21 at

[1]Docket numbers in this order reference filings in 12-CR-1854-H.

10.) Under the plea agreement, Petitioner waived his right to appeal or collaterally attack his sentence unless the Court imposed a sentence above the high end of the sentencing guideline range recommended by Respondent. (Id.)

Under the plea agreement, the parties jointly recommended an advisory guideline range of fifty-seven (57) to seventy-one (71) months based on a resulting offense level of nineteen (19) and a criminal history category of V. (Doc. No. 38-2 at 8, Doc. No 38-4 at 2.) Respondent recommended a sentence of seventy-one (71) months. (Doc. No. 38-4 at 2.) After considering the advisory guidelines and each of the sentencing factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 50 months of custody. (Doc. No. 38-7 at 9.)

**Discussion**

According to Title 28, United States Code, section 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Section 2255 is designed to provide a remedy when a sentence violates a constitutional right, a sentence is greater than the statutory maximum, or a court acted beyond its authorized jurisdiction.

Petitioner challenges the Bureau of Prisons's determination that he is ineligible for a one-year sentence reduction through a drug program or for early release into a half-way house. (Doc. No. 32 at 2.) He claims that he is being deprived of access to these programs based on his illegal alien status in violation of his right to equal protection under the U.S. Constitution. (Id.)

Petitioner's equal protection claim fails on the merits. Generally, federal laws classifying persons on the basis of alienage receive less searching judicial scrutiny than state laws classifying on that basis due to the overriding federal interests in immigration and foreign relations. See Hampton v. Mow Sun Wong, 426 U.S. 88, 101

(1976). Therefore, in cases where federal interests predominate, judicial scrutiny of alienage classifications is relaxed to rational basis review. See Mathews v. Diaz, 426 U.S. 67, 83 (1976). "A government policy is valid under the rational basis test so long as it is rationally related to a legitimate government interest." McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (citing Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)). The United States has a legitimate interest in allowing United States citizen inmates, who must reenter civil society, to participate in rehabilitative and other programs while denying that privilege to illegal alien inmates, who may not reenter civil society. See Rendon-Inzunza v. U.S., No. 09-CV-1258, 2010 WL 3076271, at *1-2. Excluding illegal alien inmates from these programs is rationally related to this legitimate interest. See McLean, 173 F.3d at 1186. The Court denies Petitioner's motion on the merits because his ineligibility for a one-year sentence reduction through a drug program or for early release into a half-way house do not violate the Constitution's guarantee of equal protection.

Furthermore, Petitioner waived his right to file a petition under § 2255 to challenge his sentence as part of his plea agreement. (Doc. No. 21.) Petitioner's plea agreement states in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to his agreement at the time of sentencing.

(Id. at 10.) The Ninth Circuit has upheld the enforceability of such waivers, reasoning that the right to bring a collateral attack is derived by statute, and "[a] knowing and voluntary waiver of a statutory right is enforceable." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993.) In Abarca, the petitioner-defendant Abarca's plea agreement waived his right to collaterally attack pretrial or sentencing issues unless his

sentence exceeded the applicable guideline range. Id. at 1013. Abarca received a sentence below the recommended range and proceeded to collaterally attack his sentence under 28 U.S.C. § 2255, relying on newly discovered exculpatory evidence. Id. The Ninth Circuit held that Abarca "relinquished his right to seek relief, direct or collateral, from his sentence on the ground that he has discovered new exculpatory evidence that undermines the factual basis of the trial court's sentencing decision." Id. at 1014.

Like the plea agreement that the Ninth Circuit upheld in Abarca, Petitioner's plea agreement explicitly waives the right to collaterally attack his sentence as long as the Court did not impose a sentence above the high end of the guideline range Respondent recommended. (Doc. No. 21 at 10.) The Court did not impose such a sentence. (Doc. No. 38-8 at 9.) In fact, the Court imposed a sentence below the low end of the sentencing guideline range Respondent recommended. (Id.) Moreover, there is no evidence that the plea was involuntary or unknowing, and Petitioner does not argue otherwise. (Doc. Nos. 21, 23.) In the plea agreement, Petitioner represented that his plea was knowing and voluntary. (Doc. No. 21 at 5.) Moreover, Petitioner's sworn representations in response to the magistrate judge's careful and detailed questioning at the Fed. R. Crim. P. 11 colloquy demonstrate that Petitioner knowingly and voluntarily entered into the plea agreement. (Doc. No. 38-3, Transcript of Change of Plea Hearing, at 10.) Accordingly, the Court denies Petitioner's application.

## Conclusion

The Court concludes that a reduction in Petitioner's sentence pursuant to 28 U.S.C. § 2255 is not warranted. Accordingly, the Court denies the petition.

**IT IS SO ORDERED**.

DATED: April 18, 2014

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT